**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000557**
**23-FEB-2024**
**07:56 AM**
**Dkt. 120 SO**

NO. CAAP-19-0000557

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MICHAEL T. WILLENBOEG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0001516)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Michael T. Willenborg (**Willenborg**) appeals from a July 23, 2019 Judgment of Conviction and Probation Sentence; Notice of Entry (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Willenborg was convicted of:  (1) Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(a) (2014), as a lesser included offense; (2) Abuse of Family or Household Members, in violation of HRS § 709-906 (1) (Supp. 2016) and (8) (2014); and (3)  Abuse of Family or Household Members, in violation of HRS § 709-906 (1) (Supp. 2016) and (5) (2014).

---

[1]     The Honorable Todd W. Eddins presided.

Willenborg raises two points of error on appeal, contending that the Circuit Court erred when it: (1) gave a modified reasonable doubt instruction over Willenborg's objection; and (2) did not allow Willenborg to cross-examine the complaining witness (**CW**) regarding past sexual activity or present video evidence of the same to attack CW's credibility.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Willenborg's points of error as follows:

(1) Willenborg argues that the Circuit Court erred in substituting its own jury instruction on reasonable doubt in lieu of Hawaiʻi Pattern Jury Instructions - Criminal (**HAWJIC**) 3.02. This court has previously reviewed the modified jury instruction that is at issue in this case. See State v. Char, CAAP-19-0000540, 2020 WL 7028600, *1-*5 (Haw. App. Nov. 30, 2020) (SDO). Here, as in Char, viewing the Circuit Court's jury instructions as a whole, we conclude that the instructions correctly conveyed the concept of reasonable doubt. See id. In addition, contrary to Willenborg's assertion, the Circuit Court did in fact instruct the jury that "[e]ach of you must decide the case for yourself[.]" We conclude that the modified jury instructions were not prejudicially insufficient, erroneous, inconsistent, or misleading and Willenborg's first point of error is without merit.

(2) Willenborg argues that the Circuit Court violated his constitutional rights to present a complete defense and

cross-examination when it denied his motion to admit videos depicting explicit sex acts between him and CW. Willenborg contends that the sex videos were relevant to his perception of CW's consent, and that their relevance clearly outweighed any prejudice.

"The scope of cross-examination is generally within the sound discretion of the trial court. While the right of cross-examination protected by the Confrontation Clause of the Sixth Amendment may not be unduly restricted, it has never been held that this right is absolutely without restriction." State v. Balisbisana, 83 Hawaiʻi 109, 114, 924 P.2d 1215, 1220 (1996) (cleaned up).

Here, CW testified, *inter alia*, that prior sexual activity with Willenborg was consensual, he wanted to take videos, he made her feel beautiful, and she did anything he wanted, including vaginal intercourse, anal intercourse, fellatio, and placing her mouth on his anus. On cross-examination, CW confirmed that she told Willenborg she "thoroughly enjoyed" whatever he enjoyed. Willenborg also testified that CW would say things that made him believe she enjoyed their various sexual activities. We conclude that there was sufficient testimony elicited for the jury to adequately gauge the past sexual behavior between CW and Willenborg and his Sixth Amendment right to cross-examination was satisfied. See id. Thus, the Circuit Court did not err in considering whether the probative value of the sex videos was substantially

outweighed by the danger of unfair prejudice.  State v. Acacio, 140 Hawaiʻi 92, 99, 398 P.3d 681, 688 (2017).

We further conclude that the Circuit Court did not abuse its discretion in determining that the danger of unfair prejudice in this case was considerable, and particularly considering the other evidence in the record, the probative value of the sex videos was minimal.

Finally, we conclude that the Circuit Court did not violate Willenborg's constitutional rights or abuse its discretion in the instances where the court sustained objections to some of defense counsel's questions regarding CW's level of enjoyment of the prior sex acts between her and Willenborg.

For these reasons, the Circuit Court's July 23, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, February 23, 2024.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge